depended on questions of fact which were exclusively for the
consideration of the jury. It was fairly submitted to them in
a clear and adequate charge in which there appears to be no
substantial error. An examination of the record, with special
reference to the assignments of error, has satisfied us that neither
of them should be sustained. There is nothing in any of them
that requires discussion. The evidence properly before the jury
was quite sufficient to warrant them in finding in favor of the
defendant.

Judgment affirmed.

---

# Philadelphia Trust, Safe Deposit and Insurance Company, Trustee etc., et al., *v.* William Isaac, Appellant.

*Will—Devise—" Blood relatives."*

A devise of real estate by testator to the "natural heirs of my own
blood relatives," is, a devise to his legal heirs entitled to take under the
statute of distribution.

Testator devised certain ground rents to his wife for life, and after her
death directed that they should " revert to the natural heirs of my own
blood relatives." After the widow's death suit was brought to recover
arrearages of ground rent, by testator's brothers and sisters and the
representatives of deceased brothers and sisters. The parties were
described in the præcipe as " the devisees, heirs at law and next of kin "
of the testator. *Held,* that the suit could be sustained.

Argued March 25, 1895. Appeal, No. 489, Jan. T., 1894, by
defendant, from order of C. P. No. 1, Phila. Co., Sept. T.,
1892, No. 796, making absolute a rule for judgment for want
of a sufficient affidavit of defense. Before STERRETT, C. J.,
McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit to recover arrearages of ground rents.

The names of the plaintiffs were as follows:

The Philadelphia Trust, Safe Deposit and Insurance Company, trustee under the last will and testament of Joseph
Harrison, Jr., deceased; Rebecca A. Walker, Maria I. Supplee,
William H. Harrison and Charles H. Harrison, executors and
trustees under the last will and testament of Henry C. Harrison, deceased; Thomas L. Luders, Harrison C. Luders and

Theodore H. Luders,. executors and trustees of the last will and testament of Eleanor C. Luders, deceased; Mary A. H. Schmoele and Matilda E. Clevenger, the said Joseph Harrison, Jr., Rebecca A. Walker, Maria I. Supplee, Henry C. Harrison, Eleanor C. Luders, Mary A. H. Schmoele and Matilda E. Clevenger, being the devisees, heirs at law and next of kin of Charles C. Harrison, deceased—the said Charles C. Harrison being the assignee of Charles W. Arny, who was the assignee of Daniel McCaughan, who was the assignee of Thomas W. Mattson.

Plaintiffs averred in their statement that defendant owed twenty dollars, being six months ground rent, which fell due on September 1, 1892, under the following circumstances:

"1. Charles C. Harrison was lawfully seized in his lifetime of a certain yearly ground rent of the sum of $40.00, lawful money, half-yearly issuing and payable by James Penny, his heirs and assigns, on the first day of the months of March and September; out of and for a certain lot or piece of ground. The said William Isaac, the defendant, is the owner of the said premises subject to said yearly ground rent of $40.00.

"2. The said Charles C. Harrison being so seized of said yearly ground rent departed this life in March, 1869, having first made and published his last will and testament, in writing, dated March 25, 1851, and codicil thereto, dated January 9, 1869, duly proved and registered at Philadelphia, etc., wherein and whereby, after sundry bequests, he did direct as follows:

"'I do further give and bequeath to my beloved wife, Laetitia, all my real estate, moneys at interest, loans on stock, book debts, judgment bonds, and cash in bank on deposit in my name at the time of my decease. Also let it be fully understood that all my moneys at interest, loans on stocks, real estate, book debts, judgment bonds and cash in bank, or deposit in my name at the time of my decease (the household furniture, silver plate with all the loose cash in my dwelling, as before recited, to be excepted), so devised and left by me to my beloved wife, Laetitia, is in lieu of dower to her during her natural life; and after the decease of my wife Laetitia the said bequests so divided as above recited, leaving out the exceptions shall revert to the natural heirs of my own blood relatives.'

"'Immediately after the decease of my said beloved wife Lae-

272 PHILA., ETC., CO., Trustee, et al. *v.* ISAAC, Appellant.

Statement of Facts.                    [167 **Pa.**

titia C. Harrison and before my estate shall be divided among the natural heirs of my blood relatives as within specified I give and bequeath unto my nephew, Charles H. Harrison, son of Henry C. Harrison, the sum of one thousand dollars. To my nephew, Charles Henry Luders, son of Thomas and Ellen Luders, the sum of one thousand dollars ; unto my niece, Mary Harrison, daughter of Henry C. Harrison, the sum of one thousand dollars, and unto my niece, Marie Louise Mortimer, the sum of one thousand dollars, and I hereby authorize my executors or the survivor or survivors of them to pay the above amount to each of the said parties. After the said legacies of one thousand dollars each shall be paid to the above-named nephews and nieces I will and bequeath all the balance of my estate leaving out the exceptions as within mentioned in my will in favor of my beloved wife, Laetitia C. Harrison, to the natural heirs of my blood relatives as within directed in my will. I hereby order and direct my will as within written to be and remain the same excepting as regards the legacies made by me in the above codicil to the same.'

" 3. At the date of the death of the said Charles C. Harrison, he left surviving him a widow, the said Laetitia C. Harrison, and the following named brothers and sisters, to wit: Joseph Harrison, Jr., Martha Harrison, Elizabeth Harrison, Rebecca A. Walker, Maria I. Supplee, Henry C. Harrison and Eleanor C. Luders, as his next of kin and only heirs at law.

" 4. The said Martha Harrison departed this life, January 17, 1881, having first made and published her last will and testament in writing, registered at Philadelphia, wherein and whereby she gave the residue of her estate (of which her share in the aforesaid yearly ground rent formed a part) to the said Rebecca A. Walker for and during her natural life, and at her death to be equally divided between her three children, Mary A. H. Schmoele, Joseph H. Walker and Matilda E. Clevenger, share and share alike.

" And the said Elizabeth Harrison departed this life February 20, 1886, having first made and published her last will and testament in writing, and registered at Philadelphia, wherein and whereby she gave and bequeathed all of her estate (of which her share in the aforesaid yearly ground rent formed a part) to her sister Martha Harrison (then deceased) and Rebecca A. Walker and the survivor of them.

" 5. The said Laetitia C. Harrison, his widow, departed this life on the seventeenth day of February, A. D. 1890.

" 6. The said Joseph Harrison, Jr., died in the month of March, 1874, having first made and published his last will and testament in writing, registered at Philadelphia, wherein and whereby he appointed the Philadelphia Trust Safe Deposit & Insurance Company, trustee thereof; the said Henry C. Harrison died on the 8th of August, 1882, having first made and published his last will and testament in writing, registered at Philadelphia, wherein and whereby he appointed his sons Charles H. Harrison and William H. Harrison, executors and trustees thereof. And the said Eleanor C. Luders died on January 8, 1892, having first made and published her last will and testament, registered at Philadelphia, wherein and whereby she appointed the said Thomas L. Luders, Harrison C. Luders and Theodore H. Luders, executors and trustees thereof. Each of their said wills contain full powers of sale and appointment of executors and trustees, who are parties plaintiff to this suit; but said wills contain no devise of the ground rent above mentioned.

" 7. Plaintiffs further state that the above amount is justly due and payable to them by the said defendant, and that they have received no payments on account thereof."

Defendant filed the following affidavit of defense:

" Deponent is advised and believes and therefore suggests to the court that the persons named as plaintiffs in the said case are not the owners of the ground rent sued upon, that according to the will of Charles C. Harrison, deceased (a copy of which is annexed to the statement filed), the ground rent in question was devised by him ' to the natural heirs of my blood relatives,' that is ' to the natural heirs of ' the ' blood relatives ' of the said Charles C. Harrison, and that the present suit is brought by the ' Devisees, heirs-at-law, and next-of-kin of Charles C. Harrison, deceased.' Deponent is advised and believes and therefore suggests to the court that he cannot with safety pay the ground rent for which suit is brought to the plaintiffs for the reasons above named. Deponent further saith that he is anxious and willing not only to pay the arrearages of ground rent in question to the parties legally entitled thereto, but is also anxious and desirous to pay off the principal of said

274 PHILA., ETC., CO., Trustee, et al. *v.* ISAAC, Appellant.

Statement of Facts—Opinion of the Court. [167 Pa.

ground rent to the same parties so soon as they may be legally determined."

.·The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*John M. Ridings*, for appellant.—" Natural heirs " in a legacy mean children, issue, in distinction from collateral heirs : Miller v. Churchill, 78 N. Car. 372 ; Smith v. Pendell, 19 Conn. 107.

If it be held that under the terms of the will of the testator there was a vested interest in " the natural heirs of my blood relatives " at the time of his decease, subject to the life estate of his wife Laetitia, then it is submitted that under the authorities above cited, the title to no part of the ground rent in question vested in the devisees of the testator's brothers and sisters, unless they were the heirs of the body of such brothers and sisters, and there is nothing on the face of the statement filed, to show these facts.

If, however, it is held that the title to the said ground rent vested in such parties as were " the natural heirs of my own blood relatives " at the time of the decease of the said Laetitia Harrison, then it does not appear from the statement filed that the parties, plaintiffs, were at that time all the " natural heirs of ·my blood relatives," as mentioned by the testator : Leigh v. Leigh, 15 Ves. 107.

*Charles E. Lex*, for appellees, was not heard, but cited in his printed brief : 16 Am. & Eng. Ency. of Law, 223 ; In re Sinzheimer, 5 Demarest (N. Y.), 321 ; Ludlum v. Otis, 15 Hun (N. Y.), 410 ; Barnes v. Allen, 9 Am. Law Reg. (O. S.) 747 ; McNeilledge y. Barclay, 11 S. & R. 105 ; Storer v. Wheatley's Executors, 1 Pa. 506 ; Wood's App., 18 Pa. 478 ; Chew's App., 37 Pa. 23 ; McClure's App., 72 Pa. 414 ; Womrath v. McCormick, 51 Pa. 504.

PER CURIAM, March 25, 1895 :
Judgment affirmed.